IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

**CESAR GALLARDO,**
**individuals on behalf of himself and**
**others similarly situated,**

           No._____

    **Plaintiffs,**

**v.**

**LOS PORTALES BOLIVAR LLC,**
**LOS PORTALES HENDERSON LLC,**
**and TOMAS LEON, and ROY SALVADOR**    **JURY DEMAND**
           **FLSA COLLECTIVE ACTION**

    **Defendants.**

## COLLECTIVE ACTION COMPLAINT

PLAINTIFF, Cesar Gallardo, brings this action against the Defendants on behalf of himself and all others similarly situated.

### I. JURISDICTION, AND VENUE

1. This case arises under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*.

2. The Court has subject matter jurisdiction pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3. The Court has personal jurisdiction over the Plaintiff, who is a resident of this judicial district and the Defendants, who do business in the State of Tennessee.

4. Venue also lies in this Western District of Tennessee, pursuant to 28 U.S.C. § 1391, because the Defendants do business in this district, and a substantial part of the alleged events or omissions giving rise to this action occurred in this district.

## II.     PARTIES

5. Plaintiff Cesar Gallardo is a former employee of Los Portales Bolivar, LLC and Los Portales Henderson, LLC. Plaintiff worked for Los Portales Bolivar, LLC and Los Portales Henderson, LLC within both the two and three year statute of limitations under the FLSA. During his employment with Defendants, Plaintiff was a covered employee under the FLSA.

6. Defendants Los Portales Bolivar, LLC and Los Portales Henderson, LLC are businesses engaged in a commercial enterprise and, as such, are covered employers under the FLSA.

7. Defendant Tomas Leon (hereinafter "Defendant Leon"), at all times material hereto, served as the administrator/manager of Defendants Los Portales Bolivar, LLC and Los Portales Henderson, LLC, directing the work of Plaintiff. Defendant Leon acted directly and/or indirectly in the interest of and on behalf of Defendants Los Portales Bolivar, LLC and Los Portales Henderson, LLC with regard to Plaintiff and other similarly situated employees and is responsible in whole or in part for the violations of the FLSA discussed herein.

8. Defendant Roy Salvador (hereinafter "Defendant Salvador"), at all times material hereto, served as owner/manager of Defendants Los Portales Bolivar, LLC and Los Portales Henderson, LLC, directing the work of Plaintiff. Defendant Salvador acted directly and/or indirectly in the interest of and on behalf of Defendants Los Portales Bolivar, LLC and Los Portales Henderson, LLC with regard to Plaintiff and other similarly situated employees and is responsible in whole or in part for the violations of the FLSA discussed herein.

9. Defendants, Los Portales Bolivar, LLC, Los Portales Henderson, LLC, Tomas Leon, and Roy Salvador will be collectively referred to as Defendants throughout.

10. In addition to the named Plaintiffs, Defendants employ and have employed within

the last three years additional similarly situated employees.

### III.   INTRODUCTION

11.     This is a collective action under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), brought on behalf of other employees of Defendants who were denied overtime and minimum wage compensation. The collective action claims are for minimum wage compensation, overtime compensation, liquidated damages, interest, and attorneys' fees and costs pursuant to the FLSA, 29 U.S.C. §§ 207, 216(b).

### IV.   FACTUAL BASIS FOR SUIT

12.     Plaintiff brings this action on behalf of himself and other similarly situated employees as authorized under 29 U.S.C. § 216(b). Plaintiff's consent to be a party to this collective action pursuant to 29 U.S.C. § 216(b) is attached to the Complaint.

13.     During the employment of Plaintiff and other similarly situated employees with Defendants, he was neither paid the federally mandated minimum wage nor proper overtime compensation pursuant to the FLSA. Plaintiff and other similarly situated employees were hourly non-exempt employees.

14.     Plaintiff regularly and repeatedly worked in excess of forty (40) hours per week while employed by Defendant. On pay day, Defendants would not pay Plaintiff for all hours worked, including minimum wage and overtime compensation. Instead, Defendants would provide Plaintiff with a payroll check (not in the correct amount), which Defendants would require Plaintiff to endorse and immediately returned to Defendants. Plaintiff would then receive cash in a lesser amount from Defendants.

15.     Likewise, other similarly situated employees regularly and repeatedly suffered from the same pay practices by Defendants, which denied them proper minimum wage and

overtime compensation for all hours worked.

16. Non-exempt employees who work more than forty (40) hours per week are entitled to overtime compensation for those hours worked in excess of forty (40). 29 C.F.R. § 778.101.

17. Under the Fair Labor Standards Act, "overtime must be compensated at a rate not less than one and one-half times the regular rate at which the employee is actually employed" during the first forty (40) hours of work.  29 C.F.R. § 778.107.

18. When Plaintiff worked more than forty (40) hours during a week, Defendants did not compensate him at a rate of "one and one-half times the regular rate at which he was actually employed" for the first forty (40) hours of work.  *See* 29 C.F.R. § 778.107.

19. When Plaintiff worked less than forty (40) hours per week, Defendants did not compensate Plaintiff or similarly situated employees at the federally mandated minimum wage.

20. Defendants failed to pay Plaintiff and other similarly situated employees proper minimum wage and overtime compensation.

21. Plaintiff reported Defendants' FLSA violation to the Department of Labor in December 2015.

22. When Defendants became aware of Plaintiff's report to the Department of Labor, Defendants terminated Plaintiff's employment.

23. Defendants' intentional failure to pay Plaintiff and other similarly situated employees all of their wages is a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), as Defendants knew, or showed reckless disregard for the fact that its compensation practices were in violation of these laws.

24. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C.

§216(b) as to claims for minimum wage, overtime compensation, liquidated damages, interest, attorneys' fees and costs under the FLSA.  In addition to Plaintiff, numerous current and former employees of Defendants are similarly situated to Plaintiff with regard to their wages and damages, in that they have been denied proper minimum wage and overtime compensation for at least six (3) years prior to the filing of this complaint.  Plaintiff is representative of those other current and former employees and is acting on behalf of their interests as well as Plaintiff's own interests in bringing this action.  Those similarly situated employees are known to Defendants and are readily identifiable, and may be located through Defendants' records.  These similarly situated employees may readily notified of this action and allowed to "opt in" pursuant to 29 U.S.C. § 216(b), for purposes of collectively adjudicating their claims for unpaid straight time, overtime compensation, liquidated damages, interest, attorneys' fees, and costs under the FLSA.

## V.     CAUSES OF ACTION

25.     The forgoing facts are incorporated by reference as if fully stated herein, and a jury is hereby demanded.

26.     Plaintiff, on behalf of himself and others similarly situated, bring the following cause of action against Defendants:

    A. Willful failure to pay minimum wage in violation of the Fair Labor Standards Act of 1938;

    B. Willful failure to pay overtime wages in violation of the Fair Labor Standards Act of 1938; and

    C. Retaliation in violation of the Fair Labor Standards Act anti-retaliation provision, 29 U.S.C. § 215.

## VI. PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF prays for the following relief:

A. An Order designating this action as an opt in collective action for claims under the FLSA, and directing the issuance of notice pursuant to 29 U.S.C. §216(b) for the claims of the class;

B. An Order appointing Plaintiff and Plaintiff's counsel to represent those individuals opting in to the collective action;

C. A Declaration that Defendants have willfully violated the FLSA;

D. An award to Plaintiff and others similarly situated who opt into this action of damages in the amount of all applicable minimum wage and overtime damages;

E. An award to Plaintiff and others similarly situated who opt into this action of interest and liquidated damages in an amount equal to the compensation shown to be owed to them pursuant to 29 U.S.C. § 216(b);

F. An award to Plaintiff and others similarly situated who opt into this action of reasonable attorneys' fees and costs, pursuant to 29 U.S.C. § 216(b); and

G. An award of such other and further legal and equitable relief as may be appropriate.

Respectfully submitted,

GILBERT RUSSELL MCWHERTER
SCOTT BOBBITT PLC

s/ Michael L. Russell
MICHAEL L. RUSSELL #20268
EMILY S. EMMONS #33281
341 Cool Springs Boulevard, Suite 230
Franklin, Tennessee, 37067
615-354-1144 Telephone
731-664-1540 Facsimile
mrussell@gilbertfirm.com
eemmons@gilbertfirm.com


CLINTON H. SCOTT #23008
101 North Highland
Jackson, Tennessee 38301
(731) 664-1340 Telephone
(731) 664-1540 Facsimile
cscott@gilbertfirm.com

*ATTORNEYS FOR PLAINTIFF*