IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

_____

**CESAR GALLARDO,**
**individually on behalf of himself and**
**others similarly situated,**

    **No. 1:16-cv-01055**

  **Plaintiffs,**

**v.**

**LOS PORTALES BOLIVAR LLC,**
**LOS PORTALES HENDERSON LLC,**
**and TOMAS LEON, and ROY SALVADOR**  **JURY DEMAND**
                   **FLSA COLLECTIVE ACTION**

  **Defendants.**

_____

**PLAINTIFF'S SUR-SURREPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION**

_____

COMES NOW, the Plaintiff, Cesar Gallardo, and for his Sur-Surreply, states as follows:

**I. THE RULES OF HEARSAY DO NOT APPLY TO A MOTION FOR CONDITIONAL CERTIFICATION.**

Defendant argues that hearsay evidence cannot be submitted in support of conditional certification, but cites to only one case whose holding is the exact opposite of Defendant's proposition. Indeed, the Defendant cites to only *White v. MPW Indus. Servs.,* 236 F.R.D. 363 (E.D. Tenn. 2006) to support its erroneous assertion that the rules of hearsay apply to affidavits in support of a motion for conditional certification. However, *White,* like most other cases in the Sixth Circuit held that the rules of hearsay *do not* apply to affidavits in support of conditional certification:

> There is certainly support for Defendant's position that the [hearsay] standard in Rule 56(e) applies not only to affidavits in support of motions for summary judgment but also to affidavits in

> support of a motion for conditional certification. The Court, however, respectfully disagrees . . . and concludes that the affidavits submitted in support of a motion for conditional certification pursuant to § 216(b) need not meet the standard set forth in Rule 56(e). To require more at this stage of litigation would defeat the purpose of the two-stage analysis.

*White v. MPW Indus. Servs.,* 263 F.R.D. at 368 (internal citations omitted). *See also Potts v. Nashville Limo & Transp., LLC,* No. 3:14-cv-1412, 2015 U.S. Dist. LEXIS 89825, at *17 (M.D. Tenn. July 10, 2015) (holding that because of the limited factual record at the conditional certification stage, the rules of hearsay need not apply); *Rogers v. HCA Health Servs. of Tenn.,* No. 3:09-cv-1173, 2013 U.S. Dist. LEXIS 88693 (M.D. Tenn. June 25, 2013). Defendant relies on case law which wholly refutes its own position. The declarations provided by Plaintiff are properly considered at the motion for conditional judgment stage.

## II. THE DECLARATIONS SUPPORT COLLECTIVE ACTION TREATMENT.

Plaintiff submitted the declarations of Moises Magallanes, Jose Magallanes, and Martha Valdivia not because they intend to join this lawsuit, but because they are witnesses who are able to provide testimony supporting Plaintiff Gallardo's claims of a uniform FLSA violation appropriate for collective action treatment. Notably, Defendant is unable to produce any legal support for its blanket assertion that declarations in support of conditional certification must *only* come from similarly situated employees. There is no legal basis for Defendant's position because it is incorrect. The testimony of percipient witnesses provide relevant testimony which is properly considered by the Court, regardless of whether or not they may be part of the collective action. *See Coleman v. Jenny Craig, Inc.,* No. 11cv1301-MMA (DHB), 2013 U.S. Dist. LEXIS 176294, at *3 n.2 (S.D. Cal. Nov. 27, 2013) (denying Defendant's motion to strike declarations of former employees who had no valid claim against Defendant, and holding that the

declarations of witnesses who are not similarly situated still provide relevant testimony as to whether conditional certification is appropriate).

Likewise, the Court should properly consider the declarations of M. Magallanes, J. Magallanes, and Valdivia because they provide supporting testimony that Defendant does indeed participate in the FLSA violations alleged by Plaintiff. The declarations in combination with Plaintiff's declaration, the declaration of opt-in Plaintiff Aurelio Vazquez, and the Complaint support moving forward with this matter collectively.

### III.     DEFENDANT'S PURPORTED STANDARD FOR CONDITIONAL CERTIFICATION UTTERLY DISREGARDS CONTROLLING CASELAW.

Defendant's attempt to argue that Plaintiff's well-pled Complaint along with the declarations of the two Plaintiffs in support of collective action certification are insufficient to satisfy the lenient standard at the notice stage is confounding. (*See* Defendant's Surreply, Dkt. No 36, p. 2). In support of its baseless argument, Defendant cites to a single Supreme Court case, *Wal-Mart Stores, Inc. v. Dukes,* 564 U.S. 338 (2011), which does not even purport to involve an FLSA collective action. Moreover, courts within the Sixth Circuit have expressly held that *Dukes*, a Rule 23 class action, has no bearing on FLSA collective actions. *Ware v. T-Mobile USA*, 828 F. Supp. 2d 948, 956 (M.D. Tenn. 2011) (finding that "*Dukes* does not affect [the court's] analysis of whether the plaintiffs are similarly situated to employees in the putative class under the FLSA"). *See also Creely v. HCR ManorCare, Inc.,* No. 3:09 CV 2879, 2011 U.S. Dist. LEXIS 77170 (N.D. Ohio July 1, 2011) (the Rule 23 concerns set forth in *Dukes* do not arise in an FLSA claim").

Rather, as fully set forth in Plaintiff's original brief, *O'Brien v. Ed. Donnelly Enterprises, Inc.*, 575 F.3d 567 (6th Cir. 2009) is the Sixth Circuit's controlling precedent in an FLSA collective action. *O'Brien* held that collective action treatment is proper where "claims were

unified by common theories of defendants' statutory violations, even if the proof of these theories are inevitably individualized and distinct." *Id.* At 585.

And in reality, as this Court well knows, courts within the Sixth Circuit often grant conditional certification based upon the declaration of even only one employee[1]. *See Ivy v. AmeriGas Propane, L.P.,* No. 13-1095, 2014 U.S. Dist. LEXIS 98577, at *9 (W.D. Tenn. July 21, 2014) ("Defendants' assertion that a motion for conditional certification cannot be supported by only a plaintiff's complaint and declaration is without merit"); *Gomez v. Ermc Prop. Mgmt. Co., LLC,* No. 3:13-cv-01081, 2014 U.S. Dist. LEXIS 52715 (N.D. Ohio Apr. 16, 2014) (granting conditional certification based on declaration of only one plaintiff); *Rogers v. HCA Health Servs. of Tenn.,* No. 3:09-cv-1173, 2013 U.S. Dist. LEXIS 88693, at *3 (M.D. Tenn. June 25, 2013) (granting conditional certification with only one declaration because "[Plaintiff] has made some factual showing that fellow non-exempt employees exist and were subject to the same workplace policies and practices that he alleges violated the law. At this conditional certification stage, that is enough to render them similarly situated"); *Smith v. Waverly Health Care & Rehab. Ctr., Inc.,* No. 3:12-cv-944, 2013 U.S. Dist. LEXIS 30729 (M.D. Tenn. Mar. 5, 2013) (weighing the "'broad remedial goal of the statute' against the minimal burdens posed by conditional certification," the court conditionally certified the case based upon the declaration of only one Plaintiff).

In the instant case, Plaintiff has not only submitted his declaration, but also the declaration of Aurelio Vazquez, who worked at Defendant's locations in Dyersburg (El Patio), Jackson (Los Portales South), and Henderson, Tennessee (Los Portales Henderson). Plaintiff's

---

[1] Plaintiff previously provided supporting case law from courts across the country which support Plaintiff's position. Plaintiff will not re-brief those cases here. (*See* Plaintiff's Reply, Dkt. No. 30, pp. 4-5).

well-plead Complaint and these declarations exceed the showing necessary at this stage for conditional certification.

## IV.   CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that his Motion for Conditional Certification be granted as to all restaurants owned and/or operated by Defendants.

Respectfully submitted,

**GILBERT RUSSELL McWHERTER SCOTT & BOBBITT PLC**

*s/ Michael L. Russell*
MICHAEL L. RUSSELL # 20268
EMILY S. EMMONS #33281
341 Cool Springs Blvd., Suite 230
Franklin, Tennessee  37067
Telephone:  (615) 354-1144
Facsimile:  (731) 664-1540
mrussell@gilbertifrm.com
eemmons@gilbertfirm.com

CLINTON H. SCOTT #23008
101 North Highland
Jackson, Tennessee 38301
Telephone: (731) 664-1340
Facsimile: (731) 664-1540
cscott@gilbertfirm.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that a true and exact copy of the foregoing has been mailed electronically via the Court's electronic filing system, to all counsel of record on this the 19th day of July, 2016:

*s/Michael L. Russell*

5