IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| CESAR GALLARDO, ) | |
| individuals on behalf of himself and ) | |
| others similarly situated ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No.: 1:16-cv-01055-STA-egb |
| ) | |
| ) | |
| LOS PORTALES BOLIVAR LLC, ) | |
| LOS PORTALES HENDERSON LLC, ) | |
| and TOMAS LEON, and ROY ) | |
| SALVADOR ) | |
| ) | |
| ) | |
| Defendants. ) | |

**ORDER DENYING DEFENDANTS' MOTION TO DISREGARD PLAINTIFFS' NOTICE OF ADDITIONAL AUTHORITY AND MEMORANDUM IN SUPPORT**

Before the Court is Defendants Motion to Disregard Plaintiffs' Notice of Additional Authority and Memorandum in Support (ECF No. 45). Plaintiffs filed a Response in Opposition to Defendants' Motion (ECF No. 46). Plaintiffs Notice of Additional Authority in Support of Motion for Conditional Certification (ECF No. 44) included a declaration from Anthony Martinez alleging illegal pay practices at two Los Portales restaurants. Defendants argue that the Notice intended to assert new claims, is not authority, and untimely. For their proposition, Defendants cited to *Peake v. Nat'l City Bank of Michigan*, No. 05-72520, 2007 WL 2463232, (E.D. Mich. Aug. 28, 2007). However, the Court agrees with Plaintiffs that the cited authority is distinguishable from the current litigation. Plaintiffs' declaration does not intend to assert new

claims as the Plaintiff in Peake at his Final Pretrial Conference.  In fact, Plaintiffs' declaration states the same causes of action already established in Plaintiffs' Complaint and Motion for Conditional Certification.  Additionally, Plaintiffs, in their Motion for Conditional Certification, moved for notice to all hourly employees at Los Portales restaurants, including the restaurants the declaration of Anthony Martinez describes.

Further, the Court disagrees that the notice is untimely.  The declaration is submitted evidence of the alleged illegal pay practices of Defendants, not a new pleading for Plaintiffs' Motion for Conditional Certification.  Lastly, the Court agrees that the title of Plaintiffs' Notice is not properly titled; the title alone does not warrant dismissal of the declaration.

Thus, for the aforementioned reasons, Defendants' Motion to Disregard Plaintiff's Notice of Additional Authority is DENIED.

IT IS SO ORDERED this 1st day of February, 2017.

<u>s/ Edward G. Bryant</u>
UNITED STATES MAGISTRATE JUDGE