IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

**CESAR GALLARDO,**
**individually on behalf of himself and**
**others similarly situated,**

                                                                                             **No. 1:16-cv-01055**

**Plaintiffs,**

**v.**

**LOS PORTALES BOLIVAR LLC,**
**LOS PORTALES HENDERSON LLC,**
**and TOMAS LEON, and ROY SALVADOR**

**Defendants.**

REPORT AND RECOMMENDATION

Before the Court is the April 4, 2016, motion of Plaintiff Cesar Gallardo for conditional class certification, which has been referred to the undersigned for a report and recommendation. (D.E. 6, 8) Specifically, Plaintiff moves this Court to: (1) authorize this case to proceed as an collective action for overtime violations under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 216(b), on behalf of non-exempt employees who worked for Defendants, who were subject to Defendants' practices of failing to pay proper overtime wages and minimum wage pursuant to the FLSA during the last three years; (2) issue an Order directing Defendants to immediately provide a list of names, last known addresses, and last known telephone numbers for all putative class members within the last three years; and (3) issue an Order that notice be prominently posted at Defendants' facilities where putative class members work, attached to current employees' next scheduled paycheck, and be mailed to the employees so that they can assert their claims on a timely basis as part of this litigation; and (4) Order that the opt in plaintiffs Consent Forms be deemed "filed" on the date they are postmarked. Defendants

vigorously object to this Motion. For the reasons that follow, the Magistrate Judge recommends that the Motion be granted in part.

Analysis

*Section 216(b) of the FLSA* provides:

> An Action [under *§ 206*] may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and on behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

*29 U.S.C. § 216(b)*. Collective actions under the FLSA require putative class members to opt into the class. *O'Brien v. Ed Donnelly Enters., Inc.,* 575 F.3d 567, 583 (6th Cir. 2009). Also in contrast to Rule 23 class actions, an FLSA collective action is not subject to the numerosity, commonality, typicality, and representativeness requirements of a traditional *Rule 23* class action. *Whalen v. United States*, 85 Fed. Cl. 380, 383 (Fed. Cl. 2009).

However, the plaintiffs in a FLSA collective action must demonstrate that they are "similarly situated." *29 U.S.C. § 216(b)*; *O'Brien, 575 F.3d at 583.* Under the FLSA, putative class members "whose causes of action under the FLSA accrued at about the time and place and in the approximate manner of the named plaintiff would be similarly situated and can opt into the action." *Miklos v. Golman-Hayden Companies, Inc.,* No. 2:99-CV-1279, 2000 WL 1617969, at *1 (S.D. Ohio, Oct. 24, 2000). In *Hoffmann-La Roche, Inc. v. Sperling,* 493 U.S. 165 (1989), the "Supreme Court ... made it clear that the collective action provisions of the FLSA, 29 U.S.C. Section 216(b), authorize a trial court to issue court-supervised notice to potential class members." *Belcher v. Shoney's, Inc.,* 927 F.Supp. 249, 251 (M.D. Tenn. 1996). "That power is to be exercised, however, only in 'appropriate cases,' and remains within the discretion of the

district court." *Severtson v. Phillips Beverage Co.,* 137 F.R.D. 264, 266 (D. Minn. 1991). However, the Supreme Court "gives little guidance on how the district court should proceed in determining whether a case is appropriate for court-authorized notice." *Id.* Furthermore, "the lower courts have not agreed as to the factual showing that must be made by a plaintiff to show who is 'similarly situated' at the notice stage." *Belcher,* 927 F.Supp. at 251. The United States Court of Appeals for the Sixth Circuit has not addressed this issue.

"Some courts hold that a plaintiff can demonstrate that potential class members are 'similarly situated,' for purposes of receiving notice, based solely upon allegations in a complaint of class-wide illegal practices." *Belcher,* 927 F.Supp. at 251. *See, e.g., Allen v. Marshall Field & Co.,* 93 F.R.D. 438 (N.E. Ill. 1982). "Other courts hold that a plaintiff meets this burden by demonstrating some factual support for the allegations before issuance of notice." *Belcher,* 927 F.Supp. at 251. *See, e.g., Jackson v. New York Telephone Co*., 163 F.R.D. 429, 431 (S.D. N.Y. 1995).

When an FLSA action is based on a defendant's unified and allegedly illegal policy, courts may "conditionally certify" a class at the early stages of discovery, before all plaintiffs have received notice, based on representations contained in the pleadings and affidavits of named plaintiffs that the defendant employs a unified policy that has resulted in FLSA violations to all putative class members. *See O'Brien, 575 F.3d at 585-86* (requiring, at a minimum, an allegation that each putative class member suffered from an FLSA violation); *Pacheco v. Boar's Head Provisions Co., Inc., 671 F. Supp. 2d 957, 959, 961* (W.D. Mich. 2009) (Bell, J.) (noting that there must be allegations that potential plaintiffs were victims of a common plan, but that, at the conditional certification stage, these allegations can be contained in the pleadings and affidavits of named parties).  At the notice stage, the plaintiff must show that "his position is similar, not

identical, to the positions held by the putative class members." *Comer, 454 F.3d at 546-47* (quoting *Pritchard v. Dent Wizard Int'l Corp., 210 F.R.D. 591 ,595 (S.D. Ohio 2002))*. Because this determination is made using a "fairly lenient" standard, the Sixth Circuit has recognized that it "typically results in conditional certification of a representative class." *Comer, 454 F.3d at 547* (quoting *Morisky v. Pub. Serv. Elec. & Gas Co., 111 F. Supp. 2d 493, 497 (D.N.J. 2000))*. As Judge Mays explained:

> Several courts have recognized that the named plaintiff's burden at this stage is not a heavy one. *White v. MPW Indus. Servs., 236 F.R.D. 363, 367 (E.D. Tenn. 2006)*; *Swallows v. City of Brentwood, Tenn., 2007 U.S. Dist. LEXIS 61130, 2007 WL 2402735, at *2 (M.D. Tenn. Aug. 20, 2007)*. "[T]he burden of proof is relatively slight at this stage of the case because the Court is not making a substantive determination on the basis of all the evidence but simply adopting a procedure which permits notice to be given to other potential class members." *McDonald v. Madison Township Bd. of Township Trustees, 2007 U.S. Dist. LEXIS 76450, at *6 (S.D. Ohio Oct. 5, 2007)*. At the notice stage, the plaintiff must show that "his position is similar, not identical, to the positions held by the putative class members." *Comer, 454 F.3d at 546-47* (quoting *Pritchard v. Dent Wizard Int'l Corp., 210 F.R.D. 591, 595 (S.D. Ohio 2002))*. Because this determination is made using a "fairly lenient" standard, the Sixth Circuit has recognized that it "typically results in conditional certification of a representative class." *Comer, 454 F.3d at 547* (quoting *Morisky v. Pub. Serv. Elec. & Gas Co.,111 F. Supp. 2d 493, 497 (D.N.J. 2000))*.

*Frye v. Baptist Mem'l Hosp., Inc.*, 2008 U.S. Dist. LEXIS 107139, *12-13, (W.D. Tenn. Sept. 16, 2008).

Here, Plaintiff worked for Defendants at the cash register, as a server and "other jobs" from 2014 until approximately February 12, 2016, at Defendants' locations in Bolivar and Henderson. (DE 6, Exhibit D, ¶ 3). Prior to this, in 2012, Plaintiff worked for Defendants in their Jackson, Dyersburg and Martin locations as well. (DE 6, Exhibit D, ¶ 3). Plaintiff states that he

regularly worked over forty hours per week for Defendants. (DE 6 Exhibit D, ¶ 4). Plaintiff alleges that Defendants did not pay Plaintiff for all the hours he worked, intentionally depriving him of minimum wage and overtime compensation. (DE 6 Exhibit D, ¶ 5). Plaintiff states that Defendants would give Plaintiff a paycheck for less than the amount he was owed, (Exhibit D, ¶ 5) then Defendants would require Plaintiff to endorse the check back to Defendants and they would give Plaintiff cash in an amount less than his paycheck. (Exhibit D, ¶ 5). Plaintiff Gallardo testified that he has spoken with his former co-workers at many of the different Los Portales locations, and they have experienced the same problem of not being compensated for all hours worked. (Exhibit D, ¶¶ 6,7). In support of his claims Plaintiff has submitted his own affidavit as well as the affidavit of previous coworkers. On October 18, 2016, Plaintiff also submitted the declaration of Anthony Martinez, who testified that he was subject to the same illegal pay practices at Patio Grill and Los Portales Union City.

Defendants counter that the proposed class and notice are excessively broad, and only one of four individuals whose declarations are submitted in support of Plaintiff's Motion asserts claims that are not barred by the statute of limitations. Defendants complain that none of the declarants aside from Plaintiff has a viable claim against Defendants at this time. Defendants also assert that the pendency of an audit of Defendants being conducted by the U.S. Department of Labor, based on Plaintiff's allegations, counsels against authorizing this case to proceed as a collective action. Defendants' position is that the potential class members whom Plaintiff seeks to represent already stand to secure remedies, if any are due, without the burden on the Court of sending notices and filing consents. Judicial economy, they argue, thus weighs strongly in favor of denying a potentially redundant class action. Finally, Defendants admit that Plaintiff's burden is light at the conditional certification stage, before any discovery has been conducted, but they

stress that it is not nonexistent: While the burden for conditional certification is low, Defendants correctly note, it does require some showing that other employees of defendants may have been similarly denied pay due them under the FLSA. See *Harrison v. McDonald's Corp.*, 411 F. Supp. 2d 862, 868 (S.D. Ohio 2005); *D'Anna v. M/A-COM, Inc.*, 903 F. Supp. 889, 893-94 (D. Md. 1995) ("the better reasoned cases require the plaintiff to make a preliminary factual showing that a similarly situated group of potential plaintiffs exists" so as "to avoid the 'stirring up' of litigation through unwarranted solicitation" (quoting *Severtson v. Phillips Beverage Co.*, 137 F.R.D. 264, 267 (D. Minn. 1991)); cited in *Tyler v. Taco Bell Corp.*, No. 215CV02084JPMCGC, 2016 WL 2344229, at *5 (W.D. Tenn. May 3, 2016).

Upon consideration of the extensive briefing, the Magistrate Judge recommends that conditional certification be granted in this case. The burden of showing plaintiff and potential opt-ins are "similarly situated" has been met at this notice stage through detailed allegations and supporting affidavits. Plaintiff's own declaration is arguably sufficient given the lenient standard, but he has also included declarations from other employees as well as Mr. Martinez' declaration. As Plaintiff points out, in the declaration, Mr. Martinez testifies that he worked for Defendants at their restaurants in Union City, including Patio Grill, LLC., and Los Portales Union City, LLC. Mr. Martinez testifies that he was subject to the same illegal pay practices at Patio Grill and Los Portales Union City that Mr. Gallardo experienced at Los Portales Bolivar and Los Portales Henderson. His testimony is consistent with that of Mr. Vazquez's.

As to Defendants' complaints regarding the declarations submitted by employees who are not eligible to join this putative class, the Magistrate Judge finds that the declarations are some evidence that Defendants employ a unified policy that has resulted in FLSA violations. Of course, Plaintiff must show that "his position is similar, not identical, to the positions held by the

putative class members." (emphasis added). As such, if this were the only evidence provided, it may not be sufficient for conditional certification to be granted, but as set forth above it is not the only evidence Plaintiff has presented in seeking conditional certification. Second, as to the Defendants' argument that the Department of Labor's audit should preclude the collective action, the Magistrate Judge finds to the contrary. Defendant has cited no case law and Plaintiff states that he has found no case holding that a collective action should be stayed pending a DOL audit, the DOL has not requested a stay, and the Magistrate Judge can think of no reason for such a stay. Plaintiff has supported his position with authority on this issue that the Magistrate Judge finds persuasive. *See In re Chickie's & Pete's Wage & Hour Litig.,* Civil Action No. 12-6820, 2013 U.S. Dist. LEXIS 78573 (E.D. Pa. June 4, 2013) (denying Defendant's motion to stay FLSA collective action during DOL audit).

Finally, Defendants argue that should the conditional certification be granted, the scope should be limited to only those locations where Plaintiff actually worked. However, Plaintiff has provided evidence indicating that the alleged practice goes beyond the stores he worked at, as well as evidence that these restaurants constitute a single enterprise, and the Magistrate Judge recommends rejecting Defendants' argument, and instead finding that they are a single enterprise and granting conditional certification as to all of the restaurants named.

In conclusion, Plaintiff has provided evidence supporting its assertion that the illegal pay policies asserted in Plaintiff's Complaint are consistently implemented across the restaurants owned and operated by Defendants. The Magistrate Judge recommends a finding that conditional certification is proper for all similarly situated employees who work or have worked at any of Defendant's locations within the past three years.

As to the issue of notice, the Magistrate Judge recommends that the parties be ordered to confer and file a revised, agreed-upon version of the notice consistent with the court's rulings.

Respectfully Submitted this 1st day of February, 2017.

**s/Edward G. Bryant**
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATION MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT AND RECOMMENDATION.  28 U.S.C. § 636(b)(1). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**