IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

___

| | |
|---|---|
| CESAR GALLARDO, ) | |
| individuals on behalf of himself and ) | |
| others similarly situated, ) | |
|  ) | |
| Plaintiff, ) | |
| v. ) | No. 1:16-cv-01055-STA-egb |
|  ) | |
| LOS PORTALES BOLIVAR LLC, ) | |
| LOS PORTALES HENDERSON LLC, ) | |
| TOMAS LEON, and ROY SALVADOR, ) | |
|  ) | |
| Defendants. ) | |

___

**ORDER GRANTING IN PART, DENYING IN PART PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION AND
ADOPTING IN PART MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
___

Before the Court is Plaintiff Cesar Gallardo's Motion for Conditional Certification (ECF No. 6) filed on April 4, 2016. The Court referred Plaintiff's Motion to the United States Magistrate Judge for report and recommendation, and the Magistrate Judge issued his report on February 1, 2017. Defendants Los Portales Bolivar, LLC; Los Portales Henderson, LLC; Tomas Leon; and Roy Salvador have filed timely objections to the Magistrate Judge's report (ECF No. 51), and Plaintiff has filed a response to Defendants' objections. For the reasons set forth below, the Magistrate Judge's Report and Recommendation is **ADOPTED** in part, and the Motion for Conditional Certification is **GRANTED in part, DENIED in part**.

## BACKGROUND

On March 17, 2016, Plaintiff filed a Complaint on behalf of himself and those similarly

1

situated, alleging violations of the Fair Labor Standards Act ("FLSA"). The Complaint named as Defendants two business entities, Los Portales Bolivar, LLC and Los Portales Henderson, LLC ("the LLC Defendants"), and two individuals, Tomas Leon and Roy Salvador. The Magistrate Judge has reported the following background facts to which neither party has objected and which the Court hereby adopts. The Magistrate Judge relied on an affidavit furnished by Plaintiff and attached as an exhibit to the Motion for Conditional Certification.

Plaintiff worked for Defendant[1] at restaurants located in Bolivar and Henderson between 2014 and approximately February 12, 2016. Plaintiff worked at the cash register, as a server, and in "other jobs." Plaintiff had previously worked for Defendant in 2012 at restaurants in Jackson, Dyersburg, and Martin. During the relevant time period, Plaintiff regularly worked over forty hours per week. Plaintiff alleges that Defendant did not pay him for all the hours he worked, intentionally depriving him of minimum wage and overtime compensation. Defendant would give Plaintiff a paycheck for less than the amount he was owed and then require Plaintiff to endorse the check back to Defendant at which point they would give Plaintiff cash in an amount less than his paycheck. According to Plaintiff, he has spoken with former co-workers at many of the different Los Portales locations, and they have experienced the same problem of not being compensated for all hours worked. In addition to his own affidavit, Plaintiff also submitted the affidavit of other former employees at other Los Portales restaurants and the declaration of Anthony Martinez who testified that he was subject to the same illegal pay practices at Patio Grill and Los Portales Union City.

---

[1] Notably, Plaintiff's declaration refers to "Defendant" only in the singular and does not specify which of the four named Defendants he describes in the declaration.

In the Motion for Conditional Class Certification, Plaintiff requests that the Court (1) authorize the case to proceed as a collective action for overtime violations under the FLSA on behalf of non-exempt employees who worked for Defendants, who were subject to Defendants' practices of failing to pay proper overtime wages and minimum wage pursuant to the FLSA during the last three years; (2) issue an order directing Defendants to immediately provide a list of the names, last known addresses, and last known telephone numbers for all putative class members within the last three years; and (3) issue an order that notice be prominently posted at Defendants' facilities where putative class members work, attached to current employees' next scheduled paycheck, and be mailed to the employees so that they can assert their claims on a timely basis as part of this litigation; and (4) order that the opt-in plaintiffs Consent Forms be deemed "filed" on the date they are postmarked. Defendants oppose the Motion for Conditional Certification.

The Magistrate Judge has recommended that the Court grant Plaintiff's Motion. The Magistrate Judge opined that through the allegations of the Complaint and the other affidavits filed with the Motion for Conditional Certification, Plaintiff has carried his light burden at this stage of the case to show that he was similarly situated to the potential opt-in plaintiffs. The Magistrate Judge attached more weight to Plaintiff's own affidavit and his allegations about Defendants' payroll policies, though the Magistrate Judge noted that proof of Defendants' practices at other restaurants also tended to support Plaintiff's claims. The Magistrate Judge concluded that conditional certification at this early stage of the case was proper. The Magistrate Judge went on to reject Defendants' arguments that the Court should stay any collective action

3

pending the outcome of the Department of Labor's investigation into Plaintiff's claims.[2] The Magistrate Judge also reasoned that the proposed class need not be limited to the restaurants where Plaintiff was employed during the relevant time period. According to the Magistrate Judge's report, Plaintiff's proof had shown that Defendants' alleged violations of the FLSA extended beyond the locations where Plaintiff worked. Plaintiff had adduced further evidence that the restaurants "constitute a single enterprise," making conditional certification "as to all of the restaurants named" proper.[3]

Defendants have raised three discrete objections to the Magistrate Judge's recommended disposition of the Motion for Conditional Certification. First, Defendants argue that Plaintiff has not shown how he is similarly situated to the putative class insofar as Plaintiff seeks to represent employees of Los Portales restaurants where Plaintiff himself was not employed. The affidavits filed with Plaintiff's Motion refer to Los Portales restaurants in several other cities and even restaurants with names other than Los Portales. However, none of the evidence shows that Defendants Tomas Leon or Roy Salvador or the LLC Defendants were "employers" at these additional restaurants. Defendants contend then that Plaintiff has offered no proof to show that any named Defendant is the "employer" for FLSA purposes of any hourly worker employed at the Los Portales restaurants in locations other than Bolivar or Henderson.

Second and relatedly, Defendants object to the Magistrate Judge's determination that each Los Portales restaurant, including but not limited to the Los Portales restaurants in Bolivar

---

[2] Defendants have not raised any objection to this specific recommendation. Therefore, the Court adopts the Magistrate Judge's conclusion without further discussion of the issue.

[3] Mag. J.'s Rep. & Recommendation 7 (ECF No. 49).

and Henderson, constitute a single enterprise. Defendants' objections are imprecise on this point. The Court understands Defendants' argument to be that the Magistrate Judge improperly accepted allegations about payroll practices at Los Portales restaurants other than the Los Portales locations in Bolivar and Henderson and deemed all of the Los Portales restaurants to be a single enterprise but without any proof to support such a conclusion. Defendants argue that an "employer" is not the same as a "enterprise," as the FLSA defines the terms. And Plaintiff adduced no proof to show that the Los Portales restaurants constitute a "single integrated enterprise" as the Sixth Circuit has defined the doctrine. In its essence, Defendants' objection is that Plaintiff's Complaint names only two Los Portales corporate entities, Los Portales Bolivar, LLC and Los Portales, Henderson, LLC, but now seeks conditional certification of a class of employees from as many as eleven Los Portales restaurants as well as other restaurants. Plaintiff has not properly joined any additional parties or otherwise established that the Court has jurisdiction over any party not named in the pleadings in accord with due process. As such, Defendants argue that the scope of the putative class, which would include employees from Los Portales restaurants besides the locations in Bolivar and Henderson, is overly broad.

Finally, Defendants object that the Magistrate Judge improperly assumed that Defendants Tomas Leon and Roy Salvador are "employers" as the FLSA defines the term or that Leon and Salvador in their individual capacities can be liable to Plaintiff. Defendants assert that neither Leon nor Salvador exercised operational control over the Defendant restaurants and did not exercise managerial control over Plaintiff. Leon and Salvador did not participate in the day-to-day operations of the Los Portales restaurants in Bolivar or Henderson. Without proof to establish that Leon or Salvador were involved in decisions about how Plaintiff and others were

5

managed or paid, Plaintiff cannot hold them liable for violations of the FLSA.

Plaintiff has responded to Defendants' objections. Plaintiff states that the Magistrate Judge correctly recommended conditional certification for a putative class of "all hourly employees of Defendants who work at any of the locations owned and operated by Defendants."[4] According to Plaintiff's brief, Leon and Salvador "operate a number of Mexican restaurants in the West Tennessee area," though Plaintiff only cites a Los Portales website stating Tomas Leon found the first Los Portales in Jackson in 1990 and now owns with his brothers sixteen restaurants in Tennessee, Missouri, Kentucky, and Louisiana. Plaintiff cites no other record evidence to show which of Leon's restaurants fall within the scope of the putative class. Plaintiff argues that he has provided more than enough proof to satisfy his burden for conditional certification at this stage of the case. With respect to Defendants' arguments about the declarations attached to the Motion for Conditional Certification, Plaintiff clarifies that not all of the declarants seek to opt-in to this collective action. Plaintiff concedes that three of the declarants previously brought FLSA claims against the same Defendants and that these declarants no longer have any viable FLSA claim against Defendants. Plaintiff explains that their proof only offers additional corroboration for Plaintiff's claims. Plaintiff further argues that Defendants have raised their argument that Leon and Salvador are not "employers" for purposes of the FLSA for the first time in their objections to the Magistrate Judge's report. As such, Defendants have waived the issue. For these reasons Plaintiff asks the Court to adopt the Magistrate Judge's recommendation and overrule Defendants' objections.

---

[4] Pl.'s Resp. to Defs.' Objs. 1 (ECF No. 52).

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636, the Magistrate Judge may issue a report and recommendation for any dispositive motion.[5] The Court must "make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made."[6] After reviewing the evidence, the Court is free to accept, reject, or modify the proposed findings or recommendations of the Magistrate Judge.[7] The Court need not review, under a *de novo* or any other standard, those aspects of the report and recommendation to which no specific objection is made.[8] Rather, the Court may simply adopt the findings and rulings of the Magistrate Judge to which no specific objection is filed.[9]

## ANALYSIS

Defendants have not objected to the Magistrate Judge's discussion of relevant law on the conditional certification of an FLSA collective action. Section 216(b) of the FLSA provides as follows:

> An Action [under § 206] may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and on behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such

---

[5] 28 U.S.C. § 636(b)(1)(B).

[6] § 636(b)(1)(C).

[7] *Id.*

[8] *Thomas v. Arn,* 474 U.S. 140, 150 (1985).

[9] *Id.* at 151.

action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.[10]

Suits brought pursuant to section 216(b) are collective actions, as opposed to class actions, in that similarly situated plaintiffs are permitted to "opt into" the suit rather than "opt out" as required by Rule 23 of the Federal Rules of Civil Procedure.[11] Courts generally employ a two-stage certification process in FLSA collective actions.[12] At the initial stage, the Court determines whether to certify the proposed class conditionally.[13] Conditional certification allows the Court to order "notice to potential plaintiffs and to present them with an opportunity to opt in."[14] This early certification of a class at the notice stage is "conditional and by no means final."[15]

To obtain conditional certification to proceed as a collective action, the named plaintiff must demonstrate that he is "similarly situated" to the employees he seeks to represent. The plaintiff's burden at the first stage is "fairly lenient" and requires only "a modest factual showing" that he is similarly situated to the other employees he seeks to notify.[16] Although the FLSA does not define the term "similarly situated," the Sixth Circuit has explained that

---

[10] 29 U.S.C. § 216(b).

[11] *Comer v. Wal-Mart Stores, Inc.,* 454 F.3d 544, 546 (6th Cir. 2006).

[12] *O'Brien v. Ed Donnelly Enters.,* 575 F.3d 567, 583 (6th Cir. 2009).

[13] *Comer,* 454 F.3d at 546.

[14] *Lindberg v. UHS of Lakeside, LLC,* 761 F.Supp.2d 752, 757-58 (W.D. Tenn. 2011).

[15] *Comer*, 454 F.3d at 546.

[16] *Id.* at 547.

"plaintiffs are similarly situated when they suffer from a single, FLSA-violating policy, and when proof of that policy or of conduct in conformity with that policy proves a violation as to all the plaintiffs."[17] A lead plaintiff need only prove at the early stage that the putative class shares "common theories of defendant['s] statutory violations, even if the proofs of these theories are inevitably individualized and distinct."[18] Because the Court makes its determination at this initial under a "fairly lenient standard," the Sixth Circuit has recognized that it "typically results in conditional certification of a representative class."[19]

The Court holds that the Magistrate Judge correctly concluded that Plaintiff has discharged his "fairly lenient" burden at this stage to obtain conditional certification of a putative class, subject to the limitations discussed below. The Complaint and the supporting affidavits filed with Plaintiff's Motion for Conditional Certification suffice to show that Plaintiff and other similarly situated employees of Defendants were subject to a payroll practice, which violated the FLSA. Specifically, Plaintiff has carried his burden to establish that he and other individuals employed as hourly workers by the LLC Defendants and the individual Defendants at their Bolivar and Henderson locations did not receive the full compensation to which they were entitled. Therefore, Plaintiff's Motion will be **GRANTED** as to all hourly employees at Defendants' Bolivar and Henderson locations.

Defendants have raised a series of objections to the Magistrate Judge's Report and

---

[17] *O'Brien*, 575 F.3d at 584.

[18] *Id.*

[19] *Comer*, 454 F.3d at 547 (internal quotes omitted).

9

Recommendation. Defendants argue that Plaintiff has not shown that the individual Defendants, Tomas Leon and Roy Salvador, satisfy the FLSA's definition of an "employer." Therefore, Plaintiff cannot hold the individual Defendants liable for violations of the FLSA. This fact-bound issue, however, is a matter properly raised in a Rule 12 motion attacking the sufficiency of the pleadings or a Rule 56 motion for summary judgment. The Court declines to reach this argument in the context of a motion for conditional certification of an FLSA collective action.

Defendants' more serious objections concern the Magistrate Judge's recommendation that the Court conditionally certify a class of hourly employees working "across the restaurants owned and operated by Defendants."[20] Defendants object that Plaintiff has not shown why conditional certification as to other restaurants would be proper. According to Defendants, there is no allegation in the Complaint or evidence in the affidavits submitted by Plaintiff to show that the LLC Defendants or Leon or Salvador were "employers" of individuals at other Los Portales locations in the area or that the Los Portales restaurants constituted a single enterprise. The Court agrees. While Plaintiff has shown through affidavits that similar practices prevailed at other Los Portales locations and even at a restaurant by another name, nothing in the pleadings or the other evidence found in the record considered by the Magistrate Judge establishes that the LLC Defendants or Leon or Salvador were "employers" of the individuals at these other locations.

For example, Aurelio Vazquez provided a declaration (ECF No. 30-2) stating that he experienced the same payroll practices at Los Portales locations in Dyersburg, Jackson, and

---

[20] Mag. J.'s Rep. & Recommendation 7.

Henderson. However, nothing in the Vazquez declaration indicates that either of the LLC Defendants or the individual Defendants named in the Complaint were his "employers" at the Dyersburg or Jackson locations. Similarly, Anthony Martinez submitted a declaration (ECF No. 44-1), stating that he had experienced the same practices at a Los Portales location in Union City and also at a Patio Grill in Union City. But again Martinez does not state that any named Defendant in this case was his employer at these restaurants.[21] Simply put, nothing in the record connects the named Defendants to any Los Portales restaurant besides the Bolivar and Henderson locations. Without some evidence to show at least one of the Defendants named in the Complaint was an "employer" at restaurants other than the Los Portales in Bolivar or Henderson, Plaintiff has not shown why conditional certification of a class of employees at the other restaurants is warranted.

It is true that Plaintiff has asserted the fact that Leon owns Los Portales restaurants in Tennessee and other states. Plaintiff first makes the claim in a footnote in his reply brief that "[i]n addition to the Bolivar and Henderson locations, Defendants operate Los Portales Ripley, LLC, Los Portales Martin, LLC., Los Portales Mexican Restaurant, LLC., Los Portales Park, LLC., Los Portales South, LLC., Los Portales Union City, LLC., Patio Grill, LLC., Las Lomas

---

[21] Plaintiff also filed declarations from three other individuals, all of whom were formerly employed at the Los Portales restaurants in Bolivar or Henderson. *See* Moises Magallenes Decl., ECF No. 6-2; Jose Alberto Magallenes Decl., ECF No. 6-3; and Marta Patricia Valdiva Decl., ECF No. 6-4. It appears to be undisputed that none of these declarants have viable FLSA claims against Defendants. But as the Magistrate Judge correctly noted, their testimony is relevant and supports Plaintiff's allegations about Defendants' payroll practices at the restaurants in Bolivar and Henderson.

Restaurante Mexicano, LLC, and El Patio Mexican Restaurant, LLC."[22] In other words, Plaintiff states that Defendants 11 different restaurants, mostly Los Portales restaurants, in the area. This fact, however, is not supported anywhere in the Complaint or in the declarations filed with the Motion for Conditional Certification. Counsel's unverified statement in a brief does not constitute proof. And to the extent that Plaintiff has adduced evidence on the matter, the proof cited by Plaintiff raises a number of additional problems. Plaintiff has simply attached printed copies of a Los Portales website without any further authentication of the exhibits. There is no additional attestation concerning the contents of the website such as proof of authorship or even who accessed the website and when. Moreover, Plaintiff has submitted the proof about the Los Portales website as an exhibit to his response to Defendants' objections to the Magistrate Judge's Report and Recommendation. As such, the proof was not part of the record considered by the Magistrate Judge. The exhibit is inadmissible for these reasons alone. Even on the merits, the Los Portales website does not tend to show that Leon is liable as an "employer" at each of the other locations. The exhibit purports to show that Leon and his brothers started the Los Portales chain. The exhibit does not mention Salvador at all. The Court concludes that this evidence does not fill the gap to show that the named Defendants "owned and operated" all of the Los Portales restaurants, much less that they were "employers" at each location during the relevant time period.[23]

---

[22] Pl.'s Reply 5 n.4 (ECF No. 30).

[23] Based on the Court's conclusion that the putative class should be narrower in scope, the Court need not address Defendants' due process arguments and their concerns about the Court's jurisdiction over other individuals who are not parties to the action.

The Court notes that Plaintiff stated in a reply brief in support of the Motion for Conditional Certification (ECF No. 30) that employees at other Los Portales locations had contacted counsel to represent them and assert their own FLSA claims. The reply further stated that Plaintiff would be filing a motion to amend his complaint "presently" to add these new parties.[24] Plaintiff filed his reply brief on May 26, 2016. To date Plaintiff has not filed a motion to amend. Other than filing two consent to opt-in forms, Plaintiff has not taken any action to bring other parties before the Court. Therefore, the Court declines to make the hourly employees at restaurants other than the Los Portales in Bolivar and Henderson part of the conditionally certified collective action at this time.

Having concluded that Plaintiff has discharged his lenient burden for conditional certification, the Motion is **GRANTED** but only as to hourly employees at the Los Portales restaurants in Bolivar and Henderson. This matter will proceed as a collective action for overtime violations under the FLSA on behalf of non-exempt employees who worked at the Los Portales locations in Bolivar and Henderson and who were subject to Defendants' alleged practices of failing to pay proper overtime wages and minimum wage during the last three years. Defendants shall immediately provide to counsel for Plaintiff a list of names, last known addresses, and last known telephone numbers for all putative class members within the last three years. Defendants shall also post notice prominently at the Los Portales restaurants in Bolivar and Henderson where the putative class members work as well as attach notice to current employees' next scheduled paycheck and mail notice to employees so that they can assert their claims on a timely basis as part of this litigation. The Court will deem any opt-in plaintiff's

---

[24] *Id.* at 5.

consent form filed on the date the consent form is postmarked.

Counsel for the parties are ordered to confer and file a revised, agreed-upon version of the notice consistent with this order. The revised notice should be submitted to the Court for final approval within 14 days of the entry of this order.

## **CONCLUSION**

The Magistrate Judge's Report and Recommendation is **ADOPTED in part**, and Plaintiff's Motion for Conditional Certification is **GRANTED in part, DENIED in part**.

**IT IS SO ORDERED.**

                                        **s/ S. Thomas Anderson**
                                        S. THOMAS ANDERSON
                                        UNITED STATES DISTRICT JUDGE

                                        Date: March 7, 2017.